UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                      Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

Present: The Honorable:   Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why Plaintiff's Fifth Amended Complaint Should Not Be Dismissed

### I.   Procedural History

On July 11, 2023, Joseph Scott Alter ("Plaintiff"), a California resident proceeding pro se, filed a complaint for declaratory judgment and damages against Defendants United States Supreme Court, Chief Justice John G. Roberts, Washington D.C., Justices Clarence Thomas, Neil M. Gorsuch, Brett M. Kavanaugh, Amy Coney Barrett, Samuel A. Alito, and a six-foot imaginary rabbit named "Harvey." [Dkt. No. 1.] Plaintiff contends that the Supreme Court's majority opinion in *303 Creative LLC v. Elenis*, ___ U.S. ___, 143 S. Ct. 2298 (2023) is unconstitutional and illegal. [*Id.* at 5-10.[1]] He requests the Court to, among other things, declare the majority opinion illegal, unconstitutional, and rude; issue an injunction prohibiting the Supreme Court from doing more of this; and grant other relief such as a "Billion Trillion Dollars." [*Id.* at 9-10.]

On July 18, 2023, Plaintiff filed three "Corrected Complaints." [Dkt. Nos. 10-12.] In his second "Complaint" for declaratory judgment and

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                         Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

damages he names Chief Justice Roberts and Justices Thomas, Gorsuch, Kavanaugh, Barrett, and Alito as Defendants.  [Dkt. No. 10.]  Plaintiff asserts the same claims and seeks the same relief as his original Complaint [*See* Dkt. No. 1]; however, he dismissed Defendants the six-foot imaginary rabbit named "Harvey," the United States Supreme Court, and Washington D.C.

In his third "Complaint" for declaratory judgment and damages, he names "Dirty Rotten Scoundrel, Senate Majority Leader Mitch McConnell" as a Defendant for his actions in the impeachment of President Donald Trump. [Dkt. No. 11.][2]  Plaintiff asserts claims for abuse of power, violations of oath of office, and other allegations.  [*Id*. at 5.]

In his fourth "Complaint" for declaratory judgment and damages, Plaintiff names Chief Justice Roberts and Justices Thomas, Gorsuch, Kavanaugh, Barrett, and Alito as Defendants.  [Dkt. No. 12.]  Plaintiff asserts the same claims and seeks the same relief as his original Complaint. [*Id*. at 1-9.]

On July 22, 2023, Plaintiff filed a fifth "Complaint" for declaratory judgment and damages ("5AC"), the operative complaint for screening purposes, against Defendants Chief Justice Roberts, and Justices Thomas, Gorsuch, Kavanaugh, Barrett, and Alito (collectively, "the Supreme Court Justices" or "Defendants").  [Dkt. No. 21.]  Plaintiff contends that the Supreme Court's majority opinion in *303 Creative LLC v. Elenis*, __ U.S. ___, 143 S. Ct. 2298 (2023), is unconstitutional and illegal.  [*Id*. at 4.]  He requests the Court to, among other things, declare without delay that this action is a valid form of speech under the First, Fifth and or other amendments, and or *303 Creative LLC v. Elenis*; "declare the majority opinion in *303 Creative LLC v. Elenis* as illegal, unconstitutional, and so very rude and urge the Supreme

---

[2] On July 14, 2023, Plaintiff filed a complaint for declaratory judgment and damages against Defendant Mitch McConnell in connection with the impeachment of President Donald Trump.  *See Joseph Scott Alter v. Mitch McConnell*, Case No. 2:23-cv-5785-ODW-PD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                    Date: July 31, 2023

Title     *Joseph Scott Alter v. U.S. Supreme Court, et al.*

Court as well"; declare that the Majority was not acting on legal principles but was instead acting on personal biases and was more interested in reshaping the law as a legislator might; issue an "injunction prohibiting the Defendant(s) from doing more of this shit and urge the Supreme Court as well;" and grant any other relief "like a Billion Trillion Dollars."  [*Id.* at 8-9.]  Plaintiff requests a "trial by jury on all claims triable by any jury with a sense of humor." [*Id.* at 9.]

## II.   Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief."  *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).  Because Plaintiff is proceeding *pro se*, the Court construes the Fifth Amended Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                    Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

The Court has screened the Fifth Amended Complaint. [Dkt. No. 21.] The Court issues this Order to Show Cause directed to Plaintiff because the face of the Fifth Amended Complaint suggests that it is barred by sovereign and judicial immunity.[3]

### III.   Summary of Factual Allegations and Claims

Plaintiff sues Defendants "in their capacity as Justices of the Supreme Court of the United States individually." [Dkt. No. 21 at 2.] He seeks declaratory judgment and damages for Defendants "absurd parody of a neutral arbiter on all matters of civil rights." [*Id.*] The gist of Plaintiff's claim is that the majority decision in *303 Creative LLC v. Elenis*, authored by Justice Gorsuch, is illegal and unconstitutional. [*Id.* at 4.] Plaintiff contends that the decision has caused significant harm to him in that "should he decide to identify as gay at some point in the future, [he] could be deprived of his constitutional rights under the 1st and ironically, 5th amendments." [*Id.* at 5.]

Plaintiff asserts that the decision "was flawed, sloppy, and failed to adhere to the proper constitutional principles and separation of powers." [*Id.* at 7.] Plaintiff argues that Defendants' "opinion about the waiver of lower court issues of standing in their *303 Creative LLC v. Elenis* was illegal and failed to adhere to the proper constitutional principles and separation of powers by bypassing the lower courts and or improperly evaluates The Establishment Clause." [*Id.*]

Plaintiff alleges "judicial overreach" and claims that the "Supreme Court has turned itself into a super-duper legislature, usurping the powers vested in the legislative branch, the lower courts, democratic process, and all due process when they willfully bypass all lower courts, all legislatures, and the executive branch, by engaging in, conspiring in even, what appears to be a vast right-wing plot." [*Id.*]

---

[3] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                               Date: July 31, 2023

Title     *Joseph Scott Alter v. U.S. Supreme Court, et al.*

Lastly, Plaintiff alleges "illegality" due to the "Supreme Court's willingness to hear substantially fraudulent cases without proper standing or other factual defects the lower which they became aware of, instead of throwing out the case." [*Id.*]

## IV.   Discussion

### A.   Plaintiff's Official-Capacity Claims Against the Supreme Court Justices Are Barred by the Doctrine of Sovereign Immunity

To the extent Plaintiff sues the Supreme Court Justices in their official capacity, his claims are barred by the doctrine of sovereign immunity.

It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of the federal government's sovereign immunity "cannot be implied but must be unequivocally expressed." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Any such waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

In general, agencies and officers of the United States of America cannot be sued unless Congress has waived the sovereign immunity of the United States. *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015). "[A]ny waiver must be unequivocally expressed in statutory text ... and will not be implied." *Id.* (quotation omitted; alteration and ellipsis in original). The plaintiff bears the burden of establishing the existence of such a waiver, absent which "courts have no subject matter jurisdiction over cases against the [federal] government." *Id.* (alteration in original). The bar of sovereign immunity "applies alike to causes of action arising under acts of Congress and to those arising from some violation of rights conferred upon the citizen by the Constitution." *Lynch v. United States*, 292 U.S. 571, 582 (1934) (citations omitted). Significantly for our purposes here, the sovereign immunity of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                        Date: July 31, 2023

Title     *Joseph Scott Alter v. U.S. Supreme Court, et al.*

United States extends to federal judges sued in their official capacities. *See, e.g., Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd,* 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015); *Sanai v. Kozinski*, 2021 WL 1339072, at *5 (N.D. Cal. Apr. 9, 2021).

   The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide a waiver of sovereign immunity. *See e.g., Pine Bar Ranch LLC v. Acting Regional Director, Bureau of Indian Affairs*, 2011 WL 2268480, at *2 (D. Mont. June 7, 2011); *Grondol v. U.S.,* 682 F.Supp.2d 1203, 1218 (E.D. Wash. 2010). Likewise, the Mandamus Act, 28 U.S.C. § 1361, does not waive sovereign immunity. *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1353 n. 9 (9th Cir. 1976). The All Writs Act, 28 U.S.C. § 1651, also does not contain a grant of jurisdiction or a waiver of sovereign immunity. *See e.g., Yapunich v. Yarlott*, 2011 WL 4104879, at *2 (D. Mont. Sept. 14, 2011); *Hall v. Richardson*, 1997 WL 242765, at *2 (D. Ariz. Feb. 21, 1997).

   Absent a waiver of sovereign immunity, Plaintiff's official capacity claims against the individually named Supreme Court Justices are barred and subject to dismissal. *See Aaron Raiser v. The United States District Court for the Central District of California et al.*, CV-20-67-DSF-KK (C.D. Cal. Apr. 8, 2020) [Dkt. No. 8] (finding that plaintiff's claims against all non-judicial staff of the United States District Court for the Central District of California and the individually named federal judges in their official capacity were barred by the doctrine of sovereign immunity and subject to dismissal).

   **B.    The Supreme Court Justices Are Entitled to Absolute Judicial Immunity**

   Plaintiff sues the Supreme Court Justices for declaratory judgment and damages for their majority opinion in *303 Creative LLC v. Elenis*, __ U.S. ___, 143 S. Ct. 2298 (2023). [Dkt. No. 21.] He contends that the decision is unconstitutional and illegal. [*Id*. at 4.] He alleges the following three claims:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                           Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

(1) illegal ruling in *303 Creative LLC v. Elenis*; (2) "relief for judicial overreach"; and (3) illegality.  [*Id.* at 7-8.]

Judges are absolutely immune from suit for judicial actions undertaken in the course of their official duties in connection with a case, unless the judge acts outside of his or her judicial capacity or in the complete absence of jurisdiction.  *Mireless v. Waco,* 502 U.S. 9, 11–12 (1991).  "[J]udicial immunity is not overcome by allegations of bad faith or malice."  *Mireles*, 502 U.S. at 11.  That is true even if the actions they took were in error, were done maliciously, or were in excess of their judicial authority.  *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Tanner v. Heise*, 879 F.2d 572, 576-77 (9th Cir. 1989).  A judge will only be subject to liability when she has acted in the "clear absence of all jurisdiction."  *Stump*, 435 U.S. at 356-57.  In only two circumstances is a judge not immune from liability: (1) for nonjudicial actions; and (2) for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S at 11-12.  Neither of these circumstances apply here. All of Plaintiff's allegations against the Supreme Court Justices concern judicial actions they took that were well within their jurisdiction.

Plaintiff's allegations of "illegality" and legal error do not deprive the Supreme Court Justices of judicial immunity.  This immunity applies " 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' "  *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)).  "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."  *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.), *cert. denied*, 488 U.S. 995 (1988); *Sanai v. Kozinski*, 2021 WL 1339072, at *9 (explaining that the doctrine of absolute and quasi-absolute judicial immunity is expansive. Grave errors or malicious act alone, or even an improper conspiracy by judicial officers, do not tear asunder this immunity.).

Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party: "a conspiracy between judge and [a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                    Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges...." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

"The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Mullis v. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1394 (9th Cir.1987), *cert. denied*, 486 U.S. 1040 (1988); *see also Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). Judicial immunity also cannot be overcome by purporting to sue a judge in his or her individual, as opposed to official, capacity. *See Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645-46, 647 (N.D. Cal. 2007), *aff'd*, 308 F. App'x 176 (9th Cir. 2009); *see also O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (6th Cir. 2016).

Plaintiff's claims against the Supreme Court Justices are all based upon judicial acts in connection with their decision in *303 Creative LLC v. Elenis*, __ U.S. ___, 143 S. Ct. 2298 (2023). [Dkt. No. 21.] Accordingly, all of the Defendants named in the fifth amended complaint are absolutely immune from suit.

**V.   Order**

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Fifth Amended Complaint be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). To discharge and satisfy this order, Plaintiff can either:
    (1) File a sixth amended complaint ("6AC"), which would entirely supersede the 5AC, if he can cure the legal deficiencies outlined in this Order. Plaintiff is advised that a 6AC would entirely replace the 5AC in this action. Any amended complaint must:
    (a) be labeled "Sixth Amended Complaint";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                  Date: July 31, 2023

Title   *Joseph Scott Alter v. U.S. Supreme Court, et al.*

    (b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
    (c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
    (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
    (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
    (f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
    (g) not add defendants or claims without leave of court.

or

    (2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

    Plaintiff must do one of these things by no later than **August 28, 2023**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **August 25, 2023**, which will result in the voluntary dismissal of this action without prejudice.

    Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a Sixth Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.

    Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate filing of a Sixth Amended Complaint if he elects to proceed in that fashion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-05579-ODW-PD                                   Date: July 31, 2023

Title     *Joseph Scott Alter v. U.S. Supreme Court, et al.*

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

                                                                                                                     :
                                                                                                                     iv
                                                                                           Initials of Preparer